Charles J. Werger, Esq. Town Attorney, Sand Lake
We acknowledge receipt of your letter inquiring whether a town local law fixing the place of the town clerk's office and the times that it be open is subject to a mandatory referendum.
In an informal opinion of this office reported in 1957 Atty Gen [Inf Opns] 5 we concluded that a town board may require a town clerk to maintain the town clerk's office in quarters provided by the town. This was so because even though the town clerk is charged by Town Law § 30
subd 1 with the duty of having the custody of all the records, books and papers of the town, the town board, under Town Law, § 64 subd 3, has the overriding duty of management, custody and control of all town lands, buildings and property. We enclose a copy of that opinion for your examination. There has been no change in the law since the opinion was written. It remains our opinion.
Town Law § 30 is entitled "Powers and duties of town clerk" and, after specifying them in some detail provides, in subdivision 11, that the "town clerk shall have * * * such further duties as the town board may determine, not inconsistent with law." In our opinion, Town Law § 30 subd 11 authorizes the town board to require that the town clerk's office be kept open for business at specified times.
Because the town board already has authority under existing provisions of the Town Law to determine where the town clerk shall perform official duties and the hours when the town clerk's office shall be open, the exercise of that authority does not "abolish, transfer or curtail any power of" the town clerk, the quoted expression appearing in Municipal Home Rule Law § 23, subd 2 par f as being a type of local law subject to a mandatory referendum. The other paragraphs therein have no relevancy to this issue.
In our opinion, a local law providing where the town clerk's duties will be performed and the hours when the town clerk's office must be open is not subject to a mandatory referendum.